# UNITED STATES DISTRICT COURT
# FOR THE DISTRCICT OF DELAWARE

WILLAIM BLAEUER                                :

    Plaintiff                                  :

    v.                                         :     Civil Action No.

                                               :

ZUCKER, GOLDBERG & ACKERMAN, LLC.

                                               :

    Defendant

## COMPLAINT

COMES NOW the Plaintiff, WILLAIM BLAEUER, and his attorneys, KIMMEL & SILVERMAN, P.C., and for his Complaint against the Defendant, ZUCKER, GOLDBERG & ACKERMAN, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an adult individual who resides in Camden, Delaware.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that it held itself out to be a company collecting a consumer debt allegedly owed to another.

6. Defendant is a corporation of the State of New Jersey with its registered address at 200 Sheffield Street, Suite 301 Mountainside, NJ 07092-0024.

7. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §§1692, *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

8. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, and it broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

9. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

10. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

**FACTUAL ALLEGATIONS**

11. In or around October 22, 2009, Defendant mailed to Plaintiff a Summons and Complaint regarding a purported foreclosure on a mortgage alleged to be owed by his daughter to another. A true and correct copy of the letter and Complaint is attached hereto as Exhibit "A".

12. Exhibit "A" reflects Defendant named Plaintiff as "Mr. Blaeuer, husband of Christy A. Blaeuer." However, Plaintiff is in fact the father, not husband, of Christy A. Blaeuer.

13. Exhibit "A" contained as an attachment, a "Notice" purportedly required to be made under the FDCPA.

14. Exhibit "A" arrived in envelopes, a copy of which was mailed to "Mr. Blaeuer, Husband of Christy A. Blaeuer" when no such person existed. A true and correct copy of the envelope addressed as described, is attached hereto as Exhibit "B".

15. At the time of receiving Exhibit "A", Plaintiff's daughter in fact had a mortgage repayment plan on file, and when she contacted the lender, Wells Fargo, she was informed that Defendant was sent notice of same and directed not to proceed with the complaint to foreclose.

16. Defendant sued Plaintiff in a state where he did not reside.

17. Defendant sued Plaintiff over a debt that he did not and does not owe.

18. Defendant has no lawful basis to sue Plaintiff and has been advised of its false pleading, but refuses to correct same, and in fact has filed an Amended Complaint in which Plaintiff is still a named Defendant.

19. William Blaeuer is not and never was a borrower under a mortgage instrument with his daughter for the subject real property and owns no real property in the State of New Jersey.

20. Upon being served with the complaint, Plaintiff, William Blaeuer, contacted Mr. Zucker, principle of Defendant, and told Zucker of the erroneous pleading by Defendant. In response, Zucker inquired of Plaintiff as to his daughter's whereabouts and Plaintiff provided an answer that his daughter resided at the subject real property in New Jersey, to which Zucker insisted someone else lived there with her.

21. Plaintiff advised Zucker that indeed his daughter lived at the subject residence, informed Zucker of her married name being "Williams," and advised that he, Plaintiff, was her father, not her spouse, and did not live with his daughter at the subject residence.

22. Subsequently, Zucker had an Amended Complaint filed, using daughter's married name, but not withdrawing Plaintiff as a Defendant to that action as her "spouse" when Zucker knew or had reason enough to conduct an independent investigation to verify the truth of Plaintiff's statements regarding his daughter's living situation. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "C".

23. Defendant never corrected Zucker's mistake and never withdrew the action, which remains pending in New Jersey and has caused Plaintiff substantial hardship, aggravation, distress and embarrassment and has or may have affected his credit rating.

24. Through the date of filing this complaint, Defendant persists in collection efforts calculated to harm, embarrass, humiliate, denigrate and falsely portray Plaintiff for no lawful purpose.

## CONSTRUCTION OF APPLICABLE LAW

25. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson,* 988 F. 2d 1314 (2d Cir. 1993).

26. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.,* 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The

remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA), 15 U.S.C §§1601, *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

27. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d 1318.

## ALLEGATIONS

### COUNT I

28. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Filing of suit under allegations that were knowingly false and/or should have been known to have been false at the time of filing (Plaintiff named as husband

in original <u>and</u> amended complaint), the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C 1692(d);

b) Use of false, deceptive and misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

c) Use of civil suit to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

d) Use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

e) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692(f);

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and

E. For such other and further relief as may be just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded, should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,


By: _____/s/ Kate Shumaker_____
      Kate Shumaker, Esquire
      Attorney for Plaintiff

Dated: ___12/4/2009_____