IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BLAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 09-934-SLR |
| v. | ) | |
| | ) | |
| ZUCKER, GOLDBERG, & ACKERMAN, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of March, 2011, having reviewed the motion to dismiss filed by defendant Zucker, Goldberg & Ackerman, LLC ("ZGA"), as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 16) is granted, as follows:

1. **Background.** On December 7, 2009, plaintiff filed a complaint against ZGA[1] for violating Sections 1692d, 1692e, and 1692f of the Fair Debt Collection Practices Act ("FDCPA"). (D.I. 1) The complaint alleges that ZGA harassed plaintiff using misrepresentations and unfair means to collect a debt owed by plaintiff's daughter. (D.I. 1 at ¶ 28)

2. On or about October 22, 2009, ZGA mailed to plaintiff a cover letter along with the New Jersey foreclosure complaint ("Foreclosure Complaint") and New Jersey

---

[1] ZGA is a law firm representing the mortgagee, Wells Fargo Bank, N.A., in the foreclosure action.

1

summons ("Foreclosure Summons"). (*Id.* at ¶ 11) The cover letter and summons were addressed only to "Christy A. Blaeuer." (D.I. 1, ex. A) The Foreclosure Complaint itself was addressed to "Christy A. Blauer" and "Mr. Blauer, Husband of Christy A. Blauer." (*Id.*) Paragraph 9a explained that Mr. Blauer, Husband of Christy A. Blauer, was joined as a defendant to the foreclosure action for any martial and/or possesory interests he may have in the property. (*Id.*, ex. A at ¶ 9a)[2]

3. Shortly after receiving the mailing, plaintiff called ZGA and spoke with Leonard Zucker ("Zucker"). (*Id.* at ¶ 21) Plaintiff informed Zucker that his daughter had taken the last name of "Williams" and lived at the property subject to foreclosure, not at his Delaware address. (*Id.*) As a result of the call, the mailings were directed away from plaintiff's Delaware address and the Foreclosure Summons was amended to include "Christy A. Blauer A/K/A Christy A. Williams" and "Mr. Blauer, Husband of Christy Blauer" of New Jersey (hereinafter, the "Amended Foreclosure Summons"). (*Id.*, ex. C)

4. Plaintiff has not answered, or otherwise defended against, the Foreclosure Complaint. (D.I. 16 at 8)

5. **Standard of Review**. Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

6. A well-pleaded complaint must contain more than mere labels and

---

[2] Plaintiff does not own any property in New Jersey and was not a borrower under the mortgage instrument with his daughter for the property involved in this action. (D.I. 1 at ¶ 19)

2

conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts.

7. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

8. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

9. **Discussion.** Congress enacted the FDCPA in 1977 "to eliminate abusive

debt collection practices by debt collectors" and "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). The Third Circuit has since adopted the "least sophisticated debtor" standard in determining whether communications from a lender to a debtor have violated the FDCPA. *See Brown v. Card Service Center*, 464 F.3d 450, 453-54 (3d Cir. 2006); *see Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (applying the least sophisticated debtor standard to the notice provision of the Act, § 1692g); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (holding that "notice under the Act is to be interpreted from the perspective of the 'least sophisticated debtor.'"). While "[t]he least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor,'" it precludes liability for "'bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Brown v. Card Service Center*, 464 F.3d at 454 (quoting *Quadramed*, 225 F.3d at 354-55).

10. Defendant argues that plaintiff knew, or reasonably should have known, that defendant was not trying to collect a debt from him and, therefore, plaintiff lacks standing. (D.I. 16 at 5; D.I. 19 at 5); *see Kaniewski v. Nat'l Action Financial Services*, 678 F. Supp. 2d 541, 546 (E.D. Mich. 2009) (holding that a plaintiff who knew that they were not the subject of defendant's debt collection could not sustain a claim under §§ 1692e and 1692f); *see also Kujawa v. Palisades Collection LLC.*, 614 F. Supp. 2d 788 (E.D. Mich. 2008). The court agrees. In *Kujawa*, the court found that the plaintiff knew

4

that he was not the subject of a debt collection because the social security number listed on the judgment lien was not his and because he did not owe a debt to the creditor. The court held that even though the plaintiff and debtor shared the same name, this knowledge informed the plaintiff that he was not being sued. *Id.* at 791-792.

11. This case provides less chance for confusion than *Kujawa*. The cover letter and original Foreclosure Summons were only addressed to Christy A. Blauer. The Amended Foreclosure Summons made reference to "Mr. Blauer, Husband of Christy Blauer" **of New Jersey** and was sent to the New Jersey property. The only document sent to the Delaware address and to include any reference to Mr. Blauer's name was the Foreclosure Complaint. Each time the name "Mr. Blauer" appears in the complaint, it is followed by the designation "husband of Christy A. Blauer." Contrary to plaintiff's assertions, the party designation in the complaint cannot reasonably be perceived as clerical error. The word husband appears five times in the Foreclosure Complaint: once in the party caption on the first page; and four times in paragraph 9a. Paragraph 9a further explains the possible marital impact for the husband. (D.I. 1, ex. A at ¶ 9a) Even if, from the perspective of the least sophisticated debtor, the remaining language in paragraph 9a was complex and illusive, multiple iterations of the word "husband" were not.

12. Moreover, like in *Kujawa,* plaintiff knew he did not owe a debt to the creditor and "is not and never was a borrower under the mortgage instrument" for his daughter's New Jersey property. (D.I. 1 at ¶ 19) The court finds that plaintiff's §§ 1692e and

1692f claims fail.³ Plaintiff has failed to satisfy the plausibility standard and allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Instead, plaintiff's assertions amount to a list of merely possible scenarios alleging - but failing to show - that he is entitled to relief.⁴ *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

13. Even assuming, *arguendo,* that defendant violated one or more provisions of the FDCPA, defendant asserts a bona fide error defense provided in 15 U.S.C. § 1596k(c). Section 1596k(c) states that a debt collector may avoid liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

14. A court may appropriately "dismiss a complaint based on an affirmative defense when an affirmative defense is 'apparent on the face of a complaint.'" *Dragotta v. West View Sav. Bank*, 395 Fed. Appx. 828, 831 (3d. Cir. 2010) (quoting *Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 886 (3d Cir. 1997)). Exhibits attached to

---

³ Plaintiff's § 1692d claim fails for similar reasoning. The FDCPA does not allow a party to recover for violations in documents addressed to someone else. *Burdett v. Harrah's Kansas Casino Corp.*, 294 F. Supp. 2d 1215, 1227 (D. Kans. 2003) (citing *Dewey v. Associated Collectors Inc.*, 927 F.Supp. 1172, 1174 (W.D. Wis. 1996)). Plaintiff is not "Mr. Blauer, Husband of Christy A. Blauer" and denies that such a person exists. (D.I. 1 at ¶ 14) The foreclosure action was only directed at Christy A. Blauer and a non-existent legal fiction. Thus, the action could not harm, oppress or abuse plaintiff under § 1692d of the FDCPA.

⁴ In response to the motion to dismiss, plaintiff argues that he "may be able to prove a set [of] facts to obtain recovery . . . for defendant's false and misleading statements," "may prove that defendant intentionally failed to properly amend the complaint. . . ." and has possibly "alleged sufficient facts to prove defendant dunned the wrong person." (D.I. 17 at 7)

the complaint are considered a part of the complaint. See Fed. R. Civ. P. 10(c).

15. The complaint, inclusive of the exhibits, supports defendant's affirmative defense. The cover letter and original Summons were addressed only to "Christy A. Blaeuer." (D.I. 1, ex. A) The only document that was mailed to plaintiff's Delaware address and made any reference to plaintiff's name contained the designation "husband of Christy A. Blauer" after each of the five instances. Id. After plaintiff's call to defendant, the mailings were directed away from plaintiff's Delaware address and the Foreclosure Summons was amended to reflect information learned during the call. (Id., ex. C)

16. **Conclusion.** For the reasons stated above, the court finds that plaintiff knew, or reasonably should have known, that the foreclosure action was not directed at him. Therefore, the communications at issue could not harass, oppress or abuse plaintiff. Consequently, defendant's motion to dismiss for failure to state a claim is granted.[5]

_____
United States District Judge

---

[5] Defendant's motion to dismiss was also granted by the District of New Jersey in a related proceeding. See Williams v. Zucker, Goldberg & Ackerman, LLC., No. 09-6177 (WJM), 2011 WL 843943 (D.N.J. March 8, 2011).